Jennifer Ishimoto (CA State Bar No. 211845)
BANIE & ISHIMOTO LLP
ishimoto@banishlaw.com
2100 Geng Road, Suite 210
Palo Alto, California 94303
Telephone: (408) 981-9472

*Attorneys for Plaintiff*
CyboEnergy, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYBOENERGY, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> DEYE ESS TECHNOLOGY USA, a Delaware corporation and NINGBO DEYE INVERTER TECHNOLOGY CO., LTD. a company of People's Republic of China, <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(35 U.S.C. § 271)** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

CyboEnergy, Inc. ("CyboEnergy") files this Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,786,133 ("the '133 patent") and 9,331,488 ("the '488 patent") (referred to as the "Patents-in-Suit by Deye Ess Technology USA ("Deye") and Ningbo Deye Inverter Technology Co., Ltd. ("Deye China") (collectively, "Defendants").

-1-
Original Complaint for Breach of Settlement Agreement and Patent Infringeemnt

## NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United State Code.

## PARTIES

2. Plaintiff is a Delaware Corporation with its principal place of business located in Sacramento County, California.

3. On information and belief, Deye is a company existing under the laws of the state of Delaware, with a regular and established place of business located at 215 N Sunset Ave, City of Industry, CA 91744. On information and belief, Deye sells and offers to sell products and services throughout California, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district. Defendant can be served at its place of business, at its registered agent or anywhere else it may be found.

4. On information and belief, Deye China is a company existing under the laws of the People's Republic of China, with a regular and established place of business located at 215 N Sunset Ave, City of Industry, CA 91744. On information and belief, Deye sells and offers to sell products and services throughout California, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district. Defendant can be served at its place of business, at its registered agent or anywhere else it may be found.

## JURISDICTION

5. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

Complaint for Patent Infringeemnt

6. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of California and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this judicial district.

7. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and this District.

**FACTS**

8. CyboEnergy was founded in 2011. The company operates in the alternative energy equipment industry. CyboEnergy's primary focus is on providing innovative energy solutions and products.

9. Specifically, in solar power systems, solar panels and inverters work together to collect solar energy and convert it into usable electricity. CyboEnergy's CyboInverter is a patented, award-winning solar power Mini-Inverter possessing key merits of both Central Inverters and Microinverters. CyboEnergy offers on-grid, off-grid, on/off grid, and dual output off-grid CyboInverters with installations around the world.

10. CyboEnergy received the Frost & Sullivan's 2013 Global Product Differentiation Excellence Award in Solar Inverters, and Frost & Sullivan's 2017 Global Solar Inverter Technology Innovation Award. The AC Assisted Off-Grid

Complaint for Patent Infringeemnt

CyboInverters have been selected as 2020 Top Solar Inverter Products by Solar Power World Magazine.

11. In order to protect its innovative technology, CyboEnergy has been granted 13 U.S. patents to date, including those at issue in this case.

12. Deye ESS Technology USA Inc., and its affiliate companies (Deye) manufacture and sell solar inverters. The infringing Deye inverters include, SUN600G3, SUN800G3, SUN1000G3, SUN1300G3, SUN1600G3, and SUN2000G3 microinverters ("SUN Series Microinverters" or the "Accused Products").

## INFRINGEMENT

**A. Count 1 - Infringement of the '133 Patent**

13. Plaintiff incorporates, as if fully presented herein paragraphs 1-12.

14. On July 22, 2014, U.S. Patent No. 8,786,133 ("the '133 patent", attached as Exhibit A) entitled "Smart and Scalable Power Inverters" was duly and legally issued by the U.S. Patent and Trademark Office. CyboEnergy owns the '133 patent by assignment.

15. The '133 patent relates to novel and improved power inverters.

16. DEFENDANTS maintain, operate, manufacture, offer for sale and sell power inverters, including the Accused Products, that induce infringement of one or more claims of the '133 patent, including one or more of claims 1-24, literally or under the doctrine of equivalents. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants' procurement of monetary and commercial benefit from it. DEFENDANTS have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use and construct power inverters such as to cause infringement of one or more of claims 1–24 of the '133 patent, literally or under the doctrine of equivalents.

17. Moreover, DEFENDANTS have known of the '133 patent and the technology underlying it from at least the filing date of lawsuit.[1]

18. Support for the allegations of infringement may be found in Exhibit B. These allegations of infringement are preliminary and are therefore subject to change. Evidence from the claim charts can be found in the references filed herewith.

19. Defendants have and continue to contributorily infringe. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services, such as through the information and support Defendants provide its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) and related services such as to cause infringement of one or more of claims 1-24 of the '133 patent, literally or under the doctrine of equivalents.

20. Further, there are no substantial noninfringing uses for Defendant's products and services and the component is a material part of the invention. For clarity, direct infringement is previously alleged in this complaint. The only reasonable uses of the products and services are infringing uses and there is no evidence to the contrary. The Accused Products and services are not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use.

21. DEFENDANTS have caused and will continue to cause CyboEnergy damage by direct and indirect infringement of (including inducing and contributory infringement of) the claims of the '133 patent.

---

[1] Plaintiff reserves the right to amend to re-plead the claims for indirect infringement based on discovery of an earlier date of knowledge following fact discovery.

**B. Count 2 - Infringement of the '488 Patent**

22. On May 3, 2016, U.S. Patent No. 9,331,488 ("the '488 patent," attached as Exhibit C) entitled "Enclosure and Message System of Smart and Scalable Power Inverters" was duly and legally issued by the U.S. Patent and Trademark Office. CyboEnergy owns the '488 patent by assignment.

23. The '488 patent relates to novel and improved power inverters.

24. DEFENDANTS maintain, operate, manufacture, offer for sale and sell power inverters, including the Accused Products, that infringe one or more claims of the '488 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '488 Patent into service (i.e., used them); but for Defendants' actions, the claimed-inventions embodiments involving Defendants' Accused Products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants' procurement of monetary and commercial benefit from it.

25. Support for the allegations of infringement may be found in the following the chart attached as Exhibit D. These allegations of infringement are preliminary and are therefore subject to change. Evidence from the claim charts can be found in the reference filed herewith.

26. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendants provide its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendants' Accused Products/Systems (e.g., power inverters) such as to cause infringement of one or more of claims 1-17 of the '488 patent, literally or under the doctrine of equivalents.

27. Defendants have, and continue to, contributorily infringe. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products (including the Accused Products) and services, such as through the information and support Defendants provide its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendants' Accused Products/Systems (e.g., power inverters) and related services such as to cause infringement of one or more of claims 1-17 of the '488 patent, literally or under the doctrine of equivalents.

28. Further, there are no substantial noninfringing uses for Defendants' products and services and the component is a material part of the invention. For clarity, direct infringement is previously alleged in this complaint. The only reasonable uses of the products and services are infringing uses and there is no evidence to the contrary. The product and service are not a staple commercial product and Defendants had reason to believe that the customer's use of the product and/or service would be an infringing use.

29. DEFENDANTS have caused, and will continue to cause, CyboEnergy damage by direct and indirect infringement of (including inducing and contributory infringement of) the claims of the '488 patent.

**CONDITIONS PRECEDENT**

30. Plaintiff is a practicing entity that marks all of its products with its patent numbers, https://www.cyboenergy.com/technologies/cyboenergypatents.html. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

Complaint for Patent Infringeemnt

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendants have infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendants' infringement of the claims of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. §§ 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284 if Plaintiff proves that the infringement was deliberate or intentional;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendants and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Plaintiff such other and further relief as this Court deems just and proper.

Complaint for Patent Infringeemnt

**JURY TRIAL DEMANDED**

Pursuant to F ED. R. C IV. P. 38, Plaintiff CyboEnergy hereby demands a trial by jury on all issues so triable.

Dated: August 22, 2025              Respectfully submitted,

*/s/ Jennifer Ishimoto*
Jennifer Ishimoto (SBN 211845)
Banie & Ishimoto LLP
2100 Geng Road, Suite 210
Palo Alto, California 94303
Telephone: 408-981-9472
Email: ishimoto@banishlaw.com

*Attorney for Plaintiff*
**CyboEnergy, Inc.**